UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOM McFARLAND, ET AL.　　　　　　　　　　CIVIL ACTION NO. 11-1615

VERSUS　　　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

SMITH & NEPHEW, INC., ET AL.　　　　　　　MAGISTRATE JUDGE HORNSBY

**JUDGMENT**

Before the Court is a Report and Recommendation (Record Document 17), wherein the Magistrate Judge recommends that Plaintiffs' Motion to Remand be granted and Plaintiffs' Motion for Attorney's Fees be denied. Defendant Smith & Nephew, Inc. ("Smith & Nephew") has filed objections (Record Document 18) to the Report and Recommendation and has also requested oral argument on such objections (Record Document 19).

The undersigned has reviewed the record in this matter and concurs that the appropriate improper joinder test in this matter is "whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant." Record Document 17 at 2. Here, the record easily reveals that a Rule 12(b)(6) type analysis is proper in this matter as piercing the pleadings would require the Court to make a joinder ruling that would essentially decide the case on the merits under the guise of a jurisdictional analysis. Moreover, the undersigned finds nothing in Smith & Nephew's objections to alter his concurrence with Magistrate Judge Hornsby's finding that Smith & Nephew has not met its heavy burden of proving improper joinder because it has not cited Louisiana precedent that would preclude a reasonable basis to believe that Plaintiffs could state a claim against Michael Kremeier, the sales

representative. Finally, the Court notes that while it need not reach the issue of whether the petition must be interpreted as pleading a Louisiana Products Liability Act claim against Smith & Nephew under the Rule 12(b)(6) type analysis (Record Document 17 at 8), there is case law recognizing that a defendant such as Smith & Nephew can wear two hats: one as a manufacturer and one as an employer of a potentially negligent employee. See Lavergne v. America's Pizza Co., LLC, 2002-889 (La.App. 3 Cir. 2/5/03), 838 So.2d 845, 848.[1]

Accordingly, for the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Motion for Oral Argument (Record Document 19) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Remand (Record Document 2) is **GRANTED**. This case is remanded to the 26th Judicial District Court, Webster Parish,

---

[1]In Lavergne, the court reasoned:

> While the LPLA's exclusivity provision eliminates a general negligence cause of action for damages caused by a product, it does not eliminate the liability of a manufacturer for damages caused by the negligent use of its product by one of its employees. Thus, America's Pizza cannot escape its liability for the negligence of its employee by claiming to be the manufacturer of the sauce, even if it was, in fact, the manufacturer. This is a simple negligence claim, not one under the LPLA. We agree with the trial court's disposition of this issue.

Lavergne, 838 So.2d at 848. In such a case, the defendant's liability would flow from its role as an employer of a negligent employee, not from its role as a manufacturer of a defective product. See Bladen v. C.B. Fleet Holding Co., 487 F.Supp.2d 759, 771 (W.D.La. 2007).

Louisiana, where it was pending as Case No. 71600. The request for attorney's fees is **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 11th day of June, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE